UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| **DAMIAN ORLOWSKI, et al**  )  ) | Case No. 2:11-cv-01396 |
| *Plaintiffs on behalf of themselves*  ) *and others similarly situated,*  )  )  ) | JURY DEMANDED |
| **v.**  )  ) | |
| **LARRY BATES, et al**  )  ) | |
| *Defendants*.  ) | |

_____

**ORDER GRANTING *EX PARTE* JOINT EMERGENCY MOTION OF THE RECEIVER AND PLAINTIFFS TO TEMPORARILY ATTACH REAL PROPERTY IN CONNECTION WITH PREJUDGMENT ATTACHMENT OF OTHER TANGIBLE ASSETS UNTIL SUCH TIME AS A HEARING CAN BE HELD**

_____

This matter came before the Court on the Motion of John L. Ryder, as the Receiver for First American Monetary Consultants, Inc. And FAMC PM, LLC (together "FAMC") and the Plaintiffs, pursuant to Federal Rules of Civil Procedure 64 and Tenn. Code Ann. § 29-6-01 *et seq.* for entry on an *ex parte* order of prejudgment attachment and lien in favor of the Receivership Entities and Plaintiffs, against the Individual Defendants permitting the Receiver and/or Plaintiffs to temporarily seize any real property owned by the Individual Defendants until such time as a hearing can be held.

1

The Court finds that the relief requested in the Motion is necessary and appropriate to accomplish the purposes set forth in the Court's Temporary Restraining Order (D.E. 120) and prior attachment Order (D.E. 440), Order Appointing Receiver (D.E. 123), Preliminary Injunction (D.E. 243) and to fulfill equitable principles.  The Court also finds that the Defendants' most likely source of repayment of the obligations owed to the Receivership Estate and Plaintiffs is through the disposal of real and personal property and the seizure of any precious metals and monies.  Without a writ of attachment, the Receivership and Plaintiffs will lose any probability of recovery and these assets should be secured for the benefit of the Receivership Estate and Plaintiffs.  The Court further finds that the Receiver and the Plaintiffs have a right to attach the property of the Defendants in the amount of $18,595,578.00. The Court further finds that the temporary nature of this request for relief, until such time as a hearing can be held, is appropriate for the circumstances as stated in the Joint Motion.

The Court, having fully considered the Motion and the entire record of this cause GRANTS the *Ex Parte* Joint Emergency Motion of the Receiver and Plaintiffs to Temporarily Attach Real Property in connection with Prejudgment Attachment of Other Tangible Assets until such time as a hearing can be held. The hearing is set for August 12, 2015 at 2:30 p.m. in Courtroom 1, 11th floor of the Federal Building, Memphis, Tennessee.

The Receiver and/or Plaintiffs, and those performing services on his behalf, with the U.S. Marshal Service, or the Shelby County Sheriff's Office, or the Hardeman County Sheriff's Office and/or the Hardin County Sheriff's Office, are authorized to seize and/or secure any and all real property owned by the Individual Defendants, including but not limited to the property and improvements located at 3680 Winwood Farms Loop, Middleton, Tennessee, 3780 Winwood Farms Loop, Middleton, Tennessee, the property and improvements located at 130

Ping Hill Road, Counce, Tennessee, and such other real estate as may be found to be owned by these Defendants. The Receiver and/or Plaintiffs may employ the services of a locksmith, security firm, or other professional service as necessary to enter and secure such assets.

As assets are identified and secured by the law enforcement agencies, the Receiver and/or Plaintiffs, they shall be held under the supervision and control of the Receiver, pursuant to this Court ordered authority over the assets of or traceable to FAMC or members of the Plaintiffs' class, pending further orders of this Court.

The Receiver and Plaintiffs are not required to post a surety bond.

It is so ORDERED this the 7th day of August, 2015.

/s/ Jon P. McCalla  
JON P. McCALLA  
U.S. DISTRICT COURT JUDGE