```
            IN THE UNITED STATES DISTRICT COURT
           FOR THE WESTERN DISTRICT OF TENNESSEE
                      WESTERN DIVISION
```

---

DAMIAN ORLOWSKI, et al.,          )
                                  )
     Plaintiffs, on behalf of     )
     themselves and all others    )
     similarly situated,          )
                                  )
v.                                )     No. 2:11-cv-01396-JPM-cgc
                                  )
LARRY C. BATES, et al.,           )
                                  )
     Defendants.                  )

---

**ORDER DENYING DEFENDANTS CHARLES BATES' AND ROBERT BATES' MOTION TO STAY PROCEEDINGS AND FOR APPOINTMENT OF COUNSEL; CONTINUING THE TRIAL DATE**

---

On December 28, 2011, Plaintiffs filed a Complaint alleging various causes of action, including fraud and statutory racketeering violations, stemming from the failure of First American Monetary Consultants, Inc. ("FAMC") to deliver on orders of precious metals. (See ECF No. 1.) Plaintiffs filed a Third Amended Complaint on October 20, 2014. (ECF No. 375.) On October 20, 2015, Defendants Charles Bates and Robert Bates filed this Motion to Stay Proceedings and for Appointment of Counsel. (ECF No. 506.)[1]

---

[1] Defendants Charles Bates and Robert Bates are currently represented by Mr. T. Tarry Beasley, II. In the instant Motion, Mr. Beasley states:

Defendants Charles Bates and Robert Bates have requested that the Court stay proceedings until the resolution of the pending criminal matter, release current counsel from representation of these Defendants, and appoint new counsel in this matter. (ECF No. 506.)

"A stay of a civil case is an extraordinary remedy that should be granted only when justice so requires." Chao v. Fleming, 498 F. Supp. 2d 1034, 1037 (W.D. Mich. 2007). "The Constitution . . . does not ordinarily require a stay of civil proceedings pending the outcome of criminal proceedings." S.E.C. v. Dresser Indus., Inc., 628 F.2d 1368, 1375 (D.C. Cir. 1980) (citing Baxter v. Palmigiano, 425 U.S. 308 (1976)). One of the strongest cases "for deferring civil proceedings until after completion of criminal proceedings is where a party under indictment for a serious offense is required to defend a civil or administrative action involving the same matter." Id. at 1375-76. In these circumstances "[t]he noncriminal proceeding, if not deferred, might undermine the party's Fifth Amendment

---

> Current counsel for these Defendants has heretofore directly requested of this Court permission to be released from representation of these parties due to the parties' inability to cover the expenses as a result of the Court's Order freezing all of these Defendants' assets. Further, the separate criminal matter pending against these Defendants further impairs the Defendants and their counsel to defend against this matter.

(Mot. to Stay Proceedings and Appointment of Counsel ¶ 6, ECF No. 506.) To the extent that Mr. Beasley wishes to withdraw his representation, he should file a formal motion to withdraw, giving his clients notice and citing the applicable rule(s). See LR 83.5 and Tenn. R. Prof'l Conduct 1.16.

privilege against self-incrimination, expand rights of criminal discovery beyond the limits of Federal Rule of Criminal Procedure 16(b), expose the basis of the defense to the prosecution in advance of criminal trial, or otherwise prejudice the case." Id. at 1376.

"The decision to stay a case requires an examination of the specific circumstances, taking into account the competing interests involved." Chao, 498 F. Supp. 2d at 1037 (citing Sterling Nat'l Bank v. A-1 Hotels Int'l, Inc., 175 F. Supp. 2d 573, 576 (S.D.N.Y. 2001)). In determining whether a stay is warranted, a court should several factors, including:

> 1) the extent to which the issues in the criminal case overlap with those presented in the civil case; 2) the status of the case, including whether the defendants have been indicted; 3) the private interests of the plaintiffs in proceeding expeditiously weighed against the prejudice to plaintiffs caused by the delay; 4) the private interests of and burden on the defendants; 5) the interests of the courts; and 6) the public interest.

Trs. of Plumbers and Pipefitters Nat'l Pension Fund v. Transworld Mech., Inc., 886 F. Supp. 1134, 1139 (S.D.N.Y. 1995).

Balancing these factors, the Court concludes that continuing the trial is appropriate in this case as to Charles Bates, Robert Bates, and Larry Bates so as to not interfere with their Fifth Amendment rights. To avoid duplication of trial preparation, the trial in this case will also be continued as to the other defendants.

The Court declines, however, to stay all proceedings in this case. There are currently two pending motions for summary judgment. These motions were filed before Defendants Charles Bates, Robert Bates, and Larry Bates were indicted on August 4, 2015. Resolution of these motions does not implicate the same Fifth Amendment concerns as does a trial in this case. The parties completed discovery in June 2015. (See ECF Nos. 400, 424.) Thus, any evidence that Defendants wished to submit in response to Plaintiffs' Motion for Summary Judgment was produced before the August 6, 2015, indictment. Plaintiffs filed their initial Complaint in this matter on December 28, 2011. (ECF No. 1.) According to the Complaint, First American Monetary Consultants, Inc. ("FAMC") was established in 1984. (Id. ¶ 13; Third Am. Compl. ¶ 21, ECF No. 375.) The Complaint alleges injuries incurred by Plaintiffs who placed yet unfulfilled orders with FAMC as early as 2006. (See Third Am. Compl. ¶ 149(u).)

As is evident in the instant case, there is a need to resolve expeditiously the issues in this matter that can be addressed without compromising the Fifth Amendment rights of the indicted Defendants. Accordingly, the Court DENIES Defendants Charles Bates' and Robert Bates' Motion to stay proceedings, but CONTINUES the trial date in this matter until the associated criminal matter is resolved.

Pursuant to 28 U.S.C. § 1915(e)(1), "[t]he court may request an attorney to represent any person unable to afford counsel." In a civil proceeding, however, "[t]he appointment of counsel . . . is not a constitutional right." Lanier v. Bryant, 332 F.3d 999, 1006 (6th Cir. 2003); see also Shepherd v. Wellman, 313 F.3d 963, 970 (6th Cir. 2002) ("[T]he plaintiffs were not entitled to have counsel appointed because this is a civil lawsuit."); Lavado v. Keohane, 992 F.2d 601, 605-06 (6th Cir. 1993) (no constitutional right to counsel in a civil case); Farmer v. Haas, 990 F.2d 319, 323 (7th Cir. 1993) ("There is no constitutional or . . . statutory right to counsel in federal civil cases . . . .").

Appointment of counsel is "a privilege that is justified only by exceptional circumstances." Lavado, 992 F.2d at 606 (internal quotation marks omitted).

> In determining whether "exceptional circumstances" exist, courts have examined "the type of case and the abilities of the [litigant] to represent himself." Archie v. Christian, 812 F.2d 250, 253 (5th Cir. 1987); see also Poindexter v. FBI, 737 F.2d 1173, 1185 (D.C. Cir. 1984). This generally involves a determination of the "complexity of the factual and legal issues involved." Cookish v. Cunningham, 787 F.2d 1, 3 (1st Cir. 1986).

Id. at 606. "Appointment of counsel . . . is not appropriate when a *pro se* litigant's claims are frivolous or when the chances of success are extremely slim." Id. (citation omitted) (quoting Mars v. Hanberry, 752 F.2d 254, 256 (6th Cir. 1985));

5

see also Cleary v. Mukasey, 307 F. App'x 963, 965 (6th Cir. 2009) (same). Moreover, "[c]ourts do not perform a useful service if they appoint a volunteer lawyer to a case which a private lawyer would not take if it were brought to his or her attention." Johnson v. Memphis City Schools, No. 09-2049-STA-tmp, 2009 WL 6057287, at *1 n.2 (W.D. Tenn. June 4, 2009) (quoting Cooper v. A. Sargenti Co., 877 F.2d 170, 174 (2d Cir. 1989)).

Defendants Charles Bates and Robert Bates have not satisfied their burden of demonstrating that appointment of counsel would be appropriate in this case. Additionally, it would be unhelpful for the Court to appoint a volunteer lawyer "to a case which a private lawyer would not take." See Johnson, 2009 WL 6057287, at *2. Based on the record developed thus far, success appears improbable for Defendants Charles Bates and Robert Bates. It would, therefore, be inappropriate to appoint private counsel for these defendants. See Gregg v. SBC/Ameritech, 321 F. App'x 442, 448 (6th Cir. 2009) (affirming district court's denial of motion for appointment of counsel because "[a]s clearly noted in the district court's decisions in the substantive aspects of this litigation, Gregg's prospects for success . . . were not good"); Brown v. Kordis, 46 F. App'x 315, 317 (6th Cir. 2002) (holding that the district court did

not abuse its discretion in denying request for counsel where the plaintiff's claims had "only a slim chance of success").

The Court further notes that Defendants have failed to file materials to support the proposition that they are unable to afford counsel.[2]  See Sutton v. U.S. Small Bus. Admin., 92 F. App'x 112, 116-17 (6th Cir. 2003) (holding that the district court did not abuse its discretion in denying the plaintiff's motion for appointment of counsel where the plaintiff failed "to demonstrate his indigence"); Hauck v. State of Tenn., 872 F.2d 1025, 1089 WL 40261, at *1-2 (6th Cir. 1989) (upholding the district court's denial of the prisoner's motion to proceed in forma pauperis because his attached affidavit did not establish his indigence).  Additionally, Defendants Charles Bates and Robert Bates are educated individuals with sophisticated backgrounds.  (See Charles Bates Dep. 10:21-11:25, ECF No. 323; Robert Bates Dep. 24:17-27:24, ECF No. 89-1.)  Both also have detailed knowledge and experience gained in the precious metals and information systems fields.  See Sutton, 92 F. App'x at 117 (noting that, in denying the plaintiff's motion for appointment of counsel, "the district court considered the court's familiarity with the implicated issues and principles, the case's advanced procedural posture, and plaintiff's 'well-

---

[2] Orders attaching the assets of both Charles Bates and Robert Bates have been entered.  (ECF Nos. 440, 443, 488, 493, 503.)  These orders do not resolve the issue of the unaccounted-for assets.

drafted' response to SBA's dispositive motion"). Accordingly, the Court DENIES Defendants Charles Bates' and Robert Bates' Motion for appointment of counsel.

For these reasons, Defendants Charles Bates' and Robert Bates' Motion to Stay Proceedings and for Appointment of Counsel is DENIED. The Court hereby CONTINUES the trial date in this matter pending resolution of the indicted Defendants' associated criminal matter.

The Pretrial Conference scheduled for 9:00 a.m. on Tuesday, October 27, 2015, is converted to a Status Conference.

**IT IS SO ORDERED,** this 26th day of October, 2015.

/s/ Jon P. McCalla
JON P. McCALLA
UNITED STATES DISTRICT JUDGE