# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TENNESSEE
### WESTERN DIVISION

DAMIAN ORLOWSKI, et al.,

      **Plaintiffs on behalf of themselves
      and all other similarly situated,**

v.                               No. 2:11-cv-01396-JPM-cgc
                               JURY DEMANDED

LARRY BATES, et al.

      **Defendants.**

---

## ORDER DENYING DEFENDANTS CHARLES BATES' AND ROBERT BATES' OBJECTION TO ISSUANCE OF SUBPOENAS (D.E. # 522)

## ORDER GRANTING PLAINTIFFS' MOTION TO SERVE SUBPOENA *DUCES TECUM* (D.E. # 533)

---

Before the Court, by way of Orders of Reference (D.E. # 523 & 538) are the Objection to the issuance of subpoenas filed by Defendants Charles Bates and Robert Bates on November 2, 2015 (D.E. # 522) and Plaintiffs' Sealed Motion to serve subpoena *duces tecum* on Karen Fleet. (D.E. # 533). Plaintiffs responded to the Objection on November 5, 2015 (D.E. # 527). Defendants Larry Bates and Barbara Bates filed objections to the subpoenas in general (D.E. # 530) and to the subpoena of bank records of attorney Karen Fleet (D.E. # 531)[1]. Based on the Objections, response and the entire record, the Objection is OVERRULED and Plaintiffs are permitted to issue the subpoenas.

Plaintiffs provided notice to the defendants that they sought to issue subpoenas to 27 non-parties seeking documents related to transactions that the defendants may have had with the

---

[1] On November 17, 2015, Defendants Charles Bates and Robert Bates filed a reply to Plaintiffs' response to their objection (D.E. # 537). Because the reply was filed without seeking leave of court as required by Local Rule 7.2(c) it will not be considered.

non-parties using funds that are alleged to have been fraudulently obtained. Defendants Robert Bates and Charles Bates object to the issuance of the subpoenas on the grounds that the subpoenas constitute discovery that is sought beyond the deadline in the scheduling order, that the issuance of the subpoenas "is a duplication of effort" and a vague reference to Fed. R. Civ. P. 45(c)(1). (D.E. # 522) Defendants Larry Bates and Barbara Bates object based on the free exercise of religion clause of the First Amendment of the US Constitution and the duplication of effort in the issuance of a subpoena to BancorpSouth[2]. (D.E. # 530). Defendants Larry Bates and Barbara Bates also object to the issuance of a subpoena to Regions Bank for the bank records of attorney Karen Fleet on the grounds that the subpoena "is a duplication of effort", that the issuance of a subpoena is "an attempt at intimidation of Attorney Karen Fleet" and a vague reference to Fed. R. Civ. P. 45(c)(1). Plaintiffs responded to the objections by detailing the nexus between the defendants and the nonparties from which the information is sought. (D.E. # 527). With regard to the objection to the subpoena to Karen Fleet, Plaintiffs in their motion relate that Ms. Fleet did not object to a subpoena issued directly to her and has complied in part with that subpoena. (D.E. # 533)

A subpoena that seeks documents under Fed. R. Civ. P. 45 is a discovery device subject to the same deadlines as other forms of discovery set forth in the court's scheduling order. *Fabery v Mid-South Ob-Gyn, PLLC, et al*, 06-2136-BBD-tmp, 2000 WL 35641544 at *2, (W.D. Tenn. May 15, 2008) On January 23, 2015, District Judge McCalla set the discovery deadline as May 29, 2015. (D.E. # 400) On June 4, 2015, Plaintiffs filed a motion for permission to serve subpoenas (D.E. # 420) which was granted on June 11, 2015 (D.E. # 424) without objection to request being made beyond the scheduling order.

---

[2] The objections in docket entries 530 and 531 also contain extensive arguments regarding the actions of the Receiver, Receiver's Counsel and Plaintiffs' Counsel. The District Court addressed these arguments in great detail in the Order Granting in Part and Denying in Part Plaintiffs' Motion for Summary Judgment and Denying Barbara Bates and Larry Bates' Motion for Dismissal and Sanctions (D.E. # 543, p42-50)

Fed. R. Civ. P. 16(b)(4) provides that a "schedule may be modified only for good cause and with the judge's consent." "The primary measure of Rule 16's 'good cause' standard is the moving party's diligence in attempting to meet the case management order's requirements." *Inge v. Rock Fin. Corp.,* 281 F.3d 613, 625 (6th Cir.2002) (quoting *Bradford v. DANA Corp.,* 249 F.3d 807, 809 (8th Cir.2001)). While the request for subpoenas is beyond the discovery deadline, Plaintiffs have shown good cause for requesting the subpoenas at this time.

Rule 45 specifies specific reasons for quashing or modifying a subpoena. Fed. R. Civ. P. 45(d)(3). The objecting defendants do not rely on any of these reasons as grounds for objecting to these subpoenas. While the objections state vaguely that the subpoenas seek duplicative information, there is no specificity as to what information is being duplicated.

Based on the forgoing, the objections to the subpoenas are OVERRULED and the Motion to serve the subpoena is GRANTED. This finding does not constitute a modification of the scheduling order as that would require a motion requesting that specific relief. Further, this finding does not give blanket permission to conduct discovery after the deadline. This is a specific grant of authority to issue the 28 subpoenas addressed in the two motions under review. Because the subpoenas are being issued after the discovery deadline and Robert Bates and Charles Bates raised a colorable, albeit unsuccessful, objection on the basis of timeliness, the request for attorneys fees is DENIED.


**IT IS SO ORDERED** this 19th day of November, 2015.


s/ Charmiane G. Claxton
CHARMIANE G. CLAXTON
UNITED STATES MAGISTRATE JUDGE