**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TENNESSEE**
**WESTERN DIVISION**

| | |
|---|---|
| DAMIAN ORLOWSKI, et al.,<br><br>    Plaintiffs, on behalf of themselves and all others similarly situated,<br><br>v.<br><br>LARRY BATES, et al.,<br><br>    Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>) No. 2:11-cv-01396-JPM-cgc<br>)<br>)<br>)<br>)<br>) |

**ORDER DENYING PLAINTIFFS AND RECEIVER'S MOTION TO STRIKE (ECF NO. 532); DENYING DEFENDANTS LARRY BATES AND BARBARA BATES' MOTION TO DISMISS EX PARTE PRE-JUDGMENT ATTACHMENT ORDERS OF 8/6/2015 AND 8/7/2015 (ECF NO. 513); DENYING DEFENDANTS LARRY BATES AND BARBARA BATES MOTION TO STAY PROCEEDINGS AND RETURN PROPERTY ATTACHED TO DEFENDANTS AND FOR THE APPOINTMENT OF COUNSEL (ECF NO. 514); AND DENYING DEFENDANTS LARRY BATES AND BARBARA BATES' MOTION TO DISMISS EX PARTE PREJUDGMENT ATTACHMENT ORDERS OF 8/6/2015 AND 8/7/2015 (ECF NO. 521)**

Before the Court are three motions filed by Defendants Larry Bates and Barbara Bates ("Defendants"): a Motion to Dismiss Ex Parte Pre-Judgment Attachment Orders of 8/6/2015 and 8/7/2015, filed October 27, 2015 (ECF No. 513); a Motion to Stay Proceedings and Return Property Attached to Defendants and for the Appointment of Counsel, filed October 27, 2015 (ECF No. 514); and a Motion to Dismiss Ex Parte Prejudgment Attachment Orders of 8/6/2015 and 8/7/2015, filed October 30, 2015 (ECF No. 521).

Also before the Court is a motion to strike these three motions ("Motion to Strike") by Plaintiffs and Receiver, filed November 13, 2015. (ECF No. 532.)

For the reasons stated below, Plaintiffs and Receiver's Motion to Strike is DENIED and Defendants' three motions are DENIED.

I. **BACKGROUND**

This case involves allegations of a complex, large-scale scheme to defraud hundreds of people over the course of many years. (See 3d Am. Compl., ECF No. 375.) On August 4, 2015, a federal grand jury issued an indictment against Defendants Larry Bates, Charles Bates, and Robert Bates. (See United States v. Bates, No. 2:15-cr-20192-SHL, ECF No. 1.) Following the indictment, Plaintiffs and the Receiver filed two emergency motions for temporary prejudgment attachment. (ECF Nos. 439, 442.) The Court granted these motions (ECF Nos. 440, 443), and held a prompt post-order hearing on August 12, 2015 (ECF No. 448.)

Defendant Larry Bates filed a motion for appointment of counsel and motion to stay on August 12, 2015 (ECF No. 447), and Defendant Barbara Bates filed a parallel motion on August 13, 2015 (ECF No. 454). The Court denied these motions on August 26, 2015. (ECF Nos. 463, 464.)

On August 25, 2015, Plaintiffs filed a Motion to Continue the Prejudgment Attachment and Preserve the Status Quo. (ECF No. 459.)[1] On September 1, 2015, Defendants Robert Bates and Charles Bates filed a Motion for Relief from Attachment, for the Return of Defendants' Personal Property and Information Seized by the Plaintiffs and/or Receiver, and for Suppression of Evidence Seized in Violation of Attorney-Client Privilege. (ECF No. 474.) The Court held a hearing on the temporary prejudgment attachment on September 2, 2015, to address whether the attachment should be maintained. (ECF No. 478.) On October 2, 2015, Defendants Larry Bates and Barbara Bates filed a Response in Opposition and Motion to Nullify Prejudgment Attachment Orders for Non-Compliance with Tenn. Code Ann. § 29-6-113 and Non-Compliance with Tenn. Code Ann. § 29-6-115 Requiring Sufficient Bond of Plaintiffs Payable to the Defendants and Motion for Sanctions ("Motion to Nullify Prejudgment Attachment and Motion for Sanctions"). (ECF No. 497.) On October 15, 2015, the Receiver and Plaintiffs filed an affidavit of John Pikramenos in support of continuing the pre-judgment attachment. (ECF No. 501.)

The Court entered an order on October 20, 2015, inter alia, continuing the prejudgment attachment. (ECF No. 503.) Following the Court's order, Defendants Larry Bates and Barbara Bates have

---

[1] Plaintiffs classified this document as a motion in the electronic filing system, but entitled it "Plaintiffs' Brief in Support of Continuing the Prejudgment Attachment and Preserving the Status Quo." For clarification, the Court restyled Plaintiffs' Brief "Motion to Continue the Prejudgment Attachment and Preserve the Status Quo." (See ECF No. 503 at 1 n.1.)

3

filed: a "Motion to Dismiss Ex Parte Pre-Judgment Attachment Orders of 8/6/2015 and 8/7/2015," filed October 27, 2015 (ECF No. 513); a "Motion to Stay Proceedings and Return Property Attached to Defendants and for the Appointment of Counsel," filed October 27, 2015 (ECF No. 514); and a second "Motion to Dismiss Ex Parte Prejudgment Attachment Orders of 8/6/2015 and 8/7/2015," filed October 30, 2015 (ECF No. 521).  The Receiver responded in opposition to Defendants' October 30, 2015 motion (ECF No. 521) on November 5, 2015.  (ECF No. 528.)  Plaintiffs and the Receiver have also filed a Motion to Strike all three of Defendants Larry Bates and Barbara Bates' motions.  (ECF No. 532.)

## II. ANALYSIS

### A. Motion to Strike

Plaintiffs and Receiver move to strike the aforementioned motions by Larry Bates and Barbara Bates "in part, due to the Court's rulings on these issues, and also due to the false, redundant, scandalous, impertinent and immaterial allegations contained within the motions."  (ECF No. 532 at 2 (citation omitted).)

A district court "has wide discretion to strike 'redundant, immaterial, impertinent, or scandalous' material from a pleading." State Farm Mut. Auto. Ins. Co. v. Pointe Physical Therapy, LLC, --- F. Supp. 3d ---, 2015 WL 3403359, at *22 (E.D.

Mich. May 27, 2015) (quoting L and L Gold Assoc., Inc. v. Am. Cash for Gold, LLC, No. 09-10801, 2009 WL 1658108, at *1 (E.D. Mich. June 10, 2009)); Fed. R. Civ. P. 12(f). "[B]ecause of the practical difficulty of deciding cases without a factual record[,] it is well-established that the action of striking a pleading should be sparingly used by the courts. It is a drastic remedy to be resorted to only for the purposes of justice." Brown v. Williamson Tobacco Corp. v. United States, 201 F.2d 819, 822 (6th Cir. 1953) (citations omitted); see also Operating Eng'rs Local 324 Health Care Plan v. G & W Constr. Co., 783 F.3d 1045, 1050 (6th Cir. 2015).

The Court agrees that Defendants' motions are largely redundant. In the interests of justice, however, the Court considers Defendants' motions and DENIES Plaintiffs and Receiver's Motion to Strike.

**B. First Motion To Dismiss Prejudgment Attachment Orders**

In their motion filed October 27, 2015 (ECF No. 513), Defendants Larry Bates and Barbara Bates argue that the Declaration of Mr. Pikramenos filed on October 15, 2015, "is a continuation of the silly assertions and false innuendo being advanced by Plaintiffs' Counsel Amber Shaw and Receiver Counsel Laura Martin that simply defy logic and should be repugnant to any serious or thinking person." (ECF No. 513 at 1-2.) Defendants specifically attack each assertion in Mr. Pikramenos'

5

declaration and re-assert their beliefs that the parties to this action "continue to trample on" their Fourth Amendment rights, that they have been rendered homeless by the prejudgment attachment orders, that they have been denied access to records and healthcare products, and that the prejudgment attachment bond was insufficient. (Id. at 2-7.) Defendants also attach a newspaper article from March 16, 2008, which discusses a ten-day suspension that Mr. Pikramenos received in 2004 for having a romantic relationship with a co-worker. (ECF No. 513-1.)

Plaintiffs and Receiver argue that this motion should be stricken, or alternatively denied, because the Court has already addressed these claims for relief and the motion contains "false, redundant, scandalous, impertinent and immaterial allegations." (ECF No. 532 at 2.)

In an order entered on October 20, 2015, the Court maintained the prejudgment attachment after finding that the Tennessee prejudgment attachment requirements were satisfied. (See ECF No. 503.) The Court has also addressed, and found without merit, Defendants' contentions that the parties to this action have violated their Fourth Amendment rights and Defendants' contentions that they have been denied access to records. (See ECF No. 543 at 42-45.) Defendants do not present new evidence showing why the Court should vacate its Order

maintaining the prejudgment attachment or how the attachment could be construed to violated their Fourth Amendment rights.

Additionally, Defendants allegations regarding Mr. Pikramenos do not compel the Court to vacate its prejudgment attachment orders.  As an initial matter, Defendants request that the Court "dismiss ex parte prejudgment attachment orders of 8/6/2015 and 8/7/2015."  (ECF No. 513 at 1.)  Mr. Pikramenos' declaration was not filed until October 15, 2015.  (ECF No. 501-1.)  Moreover, despite Defendants contentions that Mr. Pikramenos' declaration is "fatuous and inane," Defendants do not actually dispute the content of Mr. Pikramenos' declaration.  (ECF No. 513 at 1-5.)  Rather, Defendants dispute the implications of Mr. Pikramenos' declaration.  (Id.)  The explanations set forth in Defendants' "Response to Joint Notice of Filing of Declaration in Support of Continuing Pre-Judgment Attachment and Motion to Dismiss Ex Parte Pre-Judgment Attachment Orders of 8/6/2015 and 8/7/2015" (ECF No. 513) were not, however, made under oath and may not be considered as evidence by the Court.  Regardless, the Court did not consider Mr. Pikramenos' declaration in a vacuum.  The Court considered Mr. Pikramenos' declaration in conjunction with all of the evidence in the record, specifically focusing on the evidence presented at the August 12 and September 2 hearings.

As Plaintiffs and the Receiver correctly point out, this motion "simply reiterate[s] requests for relief that the Court has already ruled upon." (ECF No. 532 at 2.) Defendants' contentions do not demonstrate that they are entitled to relief from the prejudgment attachment and their Motion to Dismiss Ex Parte Pre-Judgment Attachment Orders of 8/6/2015 and 8/7/2015 (ECF No. 513) is therefore DENIED.

**C. Motion To Stay Proceedings And Return Property Attached To Defendants And For The Appointment Of Counsel**

On October 27, 2015, Defendants filed the instant Motion to Stay Proceedings and Return Property Attached to Defendants and for the Appointment of Counsel. (ECF No. 514.) Defendants assert that the pending criminal matter prevents Defendant Larry Bates from testifying in any further proceeding, that they have been denied access to their papers and records, and that they need counsel to properly defend this matter. (Id.)

In accordance with the Court's order entered on October 26, 2015, the trial date in this matter has been continued to avoid interfering with any possible Fifth Amendment rights of Larry Bates, Charles Bates, and Robert Bates. (See ECF No. 508.) The Court determined, however, that resolution of pending motions in this case does not implicate the same Fifth Amendment concerns, and accordingly, declined to stay all proceedings in this matter. (Id. at 4.) The Court finds no reason to revisit its

earlier determination and DENIES Defendants' Motion to Stay Proceedings.

Similarly, the Court finds no reason to overturn its orders of prejudgment attachment. Defendants' Motion for the return of their attached property is therefore DENIED.

Defendants also request the appointment of counsel in this matter. Pursuant to 28 U.S.C. § 1915(e)(1), "[t]he court may request an attorney to represent any person unable to afford counsel." In a civil proceeding, however, "[t]he appointment of counsel . . . is not a constitutional right." Lanier v. Bryant, 332 F.3d 999, 1006 (6th Cir. 2003); see also Shepherd v. Wellman, 313 F.3d 963, 970 (6th Cir. 2002) ("[T]he plaintiffs were not entitled to have counsel appointed because this is a civil lawsuit."); Lavado v. Keohane, 992 F.2d 601, 605-06 (6th Cir. 1993) (no constitutional right to counsel in a civil case); Farmer v. Haas, 990 F.2d 319, 323 (7th Cir. 1993) ("There is no constitutional or . . . statutory right to counsel in federal civil cases . . . .").

Appointment of counsel is "a privilege that is justified only by exceptional circumstances." Lavado, 992 F.2d at 606 (internal quotation marks omitted).

> In determining whether "exceptional circumstances" exist, courts have examined "the type of case and the abilities of the [litigant] to represent himself." Archie v. Christian, 812 F.2d 250, 253 (5th Cir. 1987); see also Poindexter v. FBI, 737 F.2d 1173,

9

> 1185 (D.C. Cir. 1984). This generally involves a determination of the "complexity of the factual and legal issues involved." Cookish v. Cunningham, 787 F.2d 1, 3 (1st Cir. 1986).

Id. at 606. "Appointment of counsel . . . is not appropriate when a pro se litigant's claims are frivolous or when the chances of success are extremely slim." Id. (citation omitted) (quoting Mars v. Hanberry, 752 F.2d 254, 256 (6th Cir. 1985)); see also Cleary v. Mukasey, 307 F. App'x 963, 965 (6th Cir. 2009) (same). Moreover, "[c]ourts do not perform a useful service if they appoint a volunteer lawyer to a case which a private lawyer would not take if it were brought to his or her attention." Johnson v. Memphis City Schools, No. 09-2049-STA-tmp, 2009 WL 6057287, at *1 n.2 (W.D. Tenn. June 4, 2009) (quoting Cooper v. A. Sargenti Co., 877 F.2d 170, 174 (2d Cir. 1989)).

Defendants Larry Bates and Barbara Bates have not satisfied their burden of demonstrating that appointment of counsel would be appropriate in this case. Additionally, it would be unhelpful for the Court to appoint a volunteer lawyer "to a case which a private lawyer would not take." See Johnson, 2009 WL 6057287, at *2. Based on the record developed thus far, success appears improbable for Defendants Larry Bates and Barbara Bates. It would, therefore, be inappropriate to appoint private counsel for these defendants. See Gregg v. SBC/Ameritech, 321 F. App'x

442, 448 (6th Cir. 2009) (affirming district court's denial of motion for appointment of counsel because "[a]s clearly noted in the district court's decisions in the substantive aspects of this litigation, Gregg's prospects for success . . . were not good"); Brown v. Kordis, 46 F. App'x 315, 317 (6th Cir. 2002) (holding that the district court did not abuse its discretion in denying request for counsel where the plaintiff's claims had "only a slim chance of success").

The Court further notes that Defendants have failed to file materials to support the proposition that they are unable to afford counsel.[2] See Sutton v. U.S. Small Bus. Admin., 92 F. App'x 112, 116-17 (6th Cir. 2003) (holding that the district court did not abuse its discretion in denying the plaintiff's motion for appointment of counsel where the plaintiff failed "to demonstrate his indigence"); Hauck v. State of Tenn., 872 F.2d 1025, 1089 WL 40261, at *1-2 (6th Cir. 1989) (upholding the district court's denial of the prisoner's motion to proceed in forma pauperis because his attached affidavit did not establish his indigence). Additionally, Defendants Larry Bates and Barbara Bates are educated individuals with sophisticated backgrounds. (See Larry Bates Dep. 14:22-16:3, 18:5-19:5, 22:1-24:6, ECF No. 183; Barbara Bates Dep. 11:24-12:18, ECF No. 87-

---

[2] Orders attaching the assets of Larry Bates have been entered. (ECF Nos. 440, 443, 503.) These orders do not resolve the issue of the unaccounted-for assets.

11

1.) Both also have detailed knowledge and experience gained in the precious metals and information systems fields. See Sutton, 92 F. App'x at 117 (noting that, in denying the plaintiff's motion for appointment of counsel, "the district court considered the court's familiarity with the implicated issues and principles, the case's advanced procedural posture, and plaintiff's 'well-drafted' response to SBA's dispositive motion"). Accordingly, the Court DENIES Defendants Larry Bates' and Barbara Bates' Motion for appointment of counsel.

**D. Second Motion to Dismiss Prejudgment Attachment Orders**

On October 30, 2015, Defendant Larry Bates and Barbara Bates filed a "Filing of Declaration in Support of and Motion to Dismiss Ex Parte Prejudgment Attachment Orders of 8/6/2015 and 8/7/2015." (ECF No. 521.)[3] In this Motion, Defendants assert that the Receiver has not paid the electric bill for the attached property. (Id.) Defendants further contend that they were "unjustly removed from their property" due to the late filing of the Receiver's affidavit and the lack of sufficient bond. (Id. at 2-3.) They aver that these facts "justify the nullification of the prejudgment attachment orders." (Id. at 3.)

As discussed above, the Court has already determined that the Receiver and Plaintiffs have fully complied with the

---

[3] Despite the title of the document, Defendants do not attach a sworn declaration under oath as to the allegations set forth in this motion.

requirements of the Tennessee prejudgment attachment statutes. (See ECF No. 503.) The Court will revisit this decision only upon the production of new evidence refuting the grounds for prejudgment attachment set forth in the Court's October 20, 2015 order or upon a showing of harm to the property due to the Receiver or Plaintiffs' conduct. Accordingly, the Court considers Defendants contentions that the Receiver has failed to pay electricity bills, and that as a result, the "alarm systems and general security of the premises is compromised." (ECF No. 521.)

In response, the Receiver asserts that he has maintained electricity on the properties and has communicated with Tippah Electric regarding payment of the power bills. (ECF No. 528 ¶¶ 17-21.) The Receiver explains that Tippah Electric did not receive his first check, and corroborates this explanation by submitting a copy of the original check, as well as a new check sent to Tippah Electric to cover the outstanding balance. (ECF No. 528 at PageID 8457-8458.) The Court is satisfied that the Receiver is adequately maintaining the attached property at issue. Accordingly, Defendants' Motion (ECF No. 521) is DENIED.

**III. CONCLUSION**

For the foregoing reasons, Plaintiffs and Receiver's Motion to Strike (ECF No. 532) is DENIED; Defendants Larry Bates and Barbara Bates' Motion to Dismiss Ex Parte Pre-Judgment

Attachment Orders of 8/6/2015 and 8/7/2015 (ECF No. 513) is DENIED; Defendants Larry Bates and Barbara Bates' Motion to Stay Proceedings and Return Property Attached to Defendants and for the Appointment of Counsel (ECF No. 514) is DENIED; and Defendants Larry Bates and Barbara Bates' Motion to Dismiss Ex Parte Prejudgment Attachment Orders of 8/6/2015 and 8/7/2015 (ECF No. 521) is DENIED.

**IT IS SO ORDERED,** this 30th day of November, 2015.

/s/ Jon P. McCalla
JON P. McCALLA
U.S. DISTRICT COURT JUDGE