IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
Western Division

**DAMIAN ORLOWSKI, et al** )
)
   *Plaintiffs on behalf of* )
   *themselves and others* )
   *similarly situated* )
)
)
VS. ) No. 2:11-cv-1396-JPM-cgc
)
)
**LARRY BATES, et al.** )
)
   **Defendants** )

**ORDER DENYING PLAINTIFFS AND RECIEVER'S JOINT MOTION FOR SANCTIONS AGAINST DEFENDANTS LARRY BATES AND BARBARA BATES**

Before the Court, by way of Order of Reference (D.E. # 550) is the December 8, 2015 Joint Motion for Sanctions Against Defendants Larry Bates and Barbara Bates filed by Plaintiffs and the Receiver. For the following reasons, the motion is **DENIED**.

The Plaintiffs and Receiver move for sanctions against Defendants Larry Bates and Barbara Bates pursuant to Fed. R. Civ. P. 11(b) and 28 U.S.C.§ 1927 and the Court's inherent authority for persisting in filing documents with the court which do not address the issue at hand, repeat arguments that have been dismissed and ruled on and using abusive language and characterizations for Plaintiffs, the Receiver, Plaintiffs' counsel and counsel for the Receiver. A review of the November 10, 2015 safe harbor letter sent by counsel for the Receiver to Larry Bates and Barbara Bates indicates that the focus of the request for sanctions was the Bares' repeated arguments regarding the pre-judgment attachment in D.E. # 513, 514, 521, 530, 531 and 548 and filings that "impugn the integrity of the Receiver, his counsel and Plaintiffs' counsel."

(D.E. # 549, Exhibit A). A hearing on this motion was held on January 11, 2016 after notice to the parties. In attendance were Laura Martin, counsel for the Receiver, Amber Griffin Shaw, counsel for the Plaintiffs, Larry Bates, *pro se* Defendant and Barbara Bates, *pro se* Defendant.

At the December 14, 2015 hearing regarding the Motion of Receiver for Contempt and Sanctions (D.E. # 512), U.S. District Judge McCalla entertained and took under advisement the issue raised by Larry Bates regarding the pre-judgment attachment. As such, it does not appear to be appropriate to sanction Larry Bates and Barbara Bates for repeated filings and arguments which referenced that matter.

With regard to filings by Larry Bates and Barbara Bates which include statements that may arguably "impugn the integrity of the Receiver, his counsel and Plaintiffs' counsel" Judge McCalla has ruled several times that there is no basis for their statements. Specifically in D.E. # 503, page 29, Judge McCalla stated:

> "With respect to Larry and Barbara Bates' assertion that Mr. Ryder committed perjury and that his counsel and Plaintiffs' counsel suborned perjury, Larry and Barbara Bates submit no evidence aside from their own statements. Accordingly, there is insufficient evidence to find that Mr. Ryder or counsel engaged in bad faith conduct, willful disobedience, egregious conduct, or to find any other basis for the imposition of sanctions."

In D.E. # 543, page 48, Judge McCalla stated:

> "There is no evidence that the Receiver's attorney acted in bad faith or testified falsely based on her personal knowledge of the events…"

Title 28 United States Code section 1927 provides that any attorney practicing before the district court who engages in conduct that unreasonably and vexatiously multiplies the proceedings in a case may personally be required to pay excess costs, expenses and attorneys'

2

fees that were incurred because of the conduct. To impose liability under the statute, there must be bad faith, and the conduct must be egregious. Also, by the clear language of the statute, the penalty is to be applied to "an attorney". As Larry Bates and Barbara Bates are proceeding *pro se,* the statute would not apply to them. *See*, <u>Li v. Recellular, Inc.</u>, 2010 WL 15236379, *8 (E.D. Mich. April 16, 2010).

A second basis for sanctions offered is Fed. R. Civ. P. 11(b) which provides that:

> "By presenting to the court a pleading, written motion, or other paper—whether by signing, filing, submitting, or later advocating it—an attorney or *unrepresented party* (emphasis added) certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
>
>> (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation,
>>
>> (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;
>>
>> (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and
>>
>> (4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

When deciding whether to impose Rule 11 sanctions, courts are directed by the Sixth Circuit to consider "whether an individual's conduct was reasonable under the circumstances." <u>Union Planters Bank v. L & J Dev. Co.</u>, 115 F.3d 378, 384 (6th Cir. 1997). The Advisory Committee Notes for the rule lists factors for the court to consider when deciding whether or not to impose sanctions. The factors include,

> Whether the improper conduct was willful, or negligent; whether it was part of a pattern of activity, or an isolated event; whether it infected the entire pleading, or only one particular count or defense; whether the person has engaged in similar conduct in other litigation; whether it was intended to injure; what effect it had on the litigation process in time or expense; whether the responsible person is trained

in the law; what amount, given the financial resources of the responsible person, is needed to deter that person from repetition in the same case; what amount is needed to deter similar activity by other litigants.

At this point, the actions taken by Larry Bates and Barbara Bates do not appear to rise to the level of egregiousness as contemplated by the Rule. However, Larry Bates and Barbara Bates are counseled that their filings in this case are to be focused on either supporting whatever motion they are filing or on responding directly to the specific matters addressed in the motion that they are responding to. As the District Court has already ruled with regard to the conduct of the Receiver, his counsel and Plaintiffs' counsel in this case, further comment along those lines may be deemed irrelevant, impertinent and immaterial and may subject Larry Bates and Barbara Bates to sanctions for disregard of the Court's orders and violation of the rules of civil procedure.

IT IS SO ORDERED this 20th day of January, 2016.

s/Charmiane G. Claxton
CHARMIANE G. CLAXTON
UNITED STATES MAGISTRATE JUDGE