**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION**

| | |
|---|---|
| DAMIAN ORLOWSKI, et al.,<br><br>    Plaintiffs, on behalf of<br>    themselves and all others<br>    similarly situated,<br><br>v.<br><br>LARRY BATES, et al.,<br><br>    Defendants. | No. 2:11-cv-01396-JPM-cgc |

**ORDER GRANTING LARRY BATES' ORAL MOTION FOR SUFFICIENT BOND AND DENYING LARRY BATES' MOTION IN RESPONSE TO PLAINTIFFS' NOTICE OF FILING AMENDED BOND ISSUED IN CONNECTION WITH COURT ORDERED INJUNCTION AND PREJUDGMENT ATTACHMENT**

Before the Court is Defendant Larry Bates' oral motion regarding the lack of sufficient bond, made during the motion hearing on December 14, 2015. (Min. Entry, ECF No. 552.) The Receiver responded to the oral motion on December 19, 2015. (ECF No. 557.) Defendant Larry Bates filed a reply on January 4, 2016. (ECF No. 565.) The Receiver filed a sur-reply, with leave of Court, on January 27, 2016. (ECF No. 579.)

On January 12, 2016, Plaintiffs filed a Notice of Filing Amended Bond Reflecting Bond Issued in Connection with Court Ordered Injunction and Prejudgment Attachment. (ECF No. 570.) On January 25, 2016, Larry Bates filed a Motion in Response to Plaintiffs' Notice of Filing Amended Bond Issued in Connection

with Court Ordered Injunction and Prejudgment Attachment. (ECF No. 576.)

For the following reasons, Defendant Larry Bates' oral motion for sufficient bond is GRANTED and Defendant Larry Bates' Motion in Response to Plaintiffs' Notice of Filing Amended Bond Issued in Connection with Court Ordered Injunction and Prejudgment Attachment is DENIED.

**I.   BACKGROUND**

On August 4, 2015, a grand jury returned a forty-four count indictment as to Defendants Larry Bates, Charles Bates, and Robert Bates ("the Indicted Defendants"). (Indictment, <u>United States of America v. Bates</u>, 2:15-cr-20192-SHL (W.D. Tenn.), ECF No. 1.) Following this indictment, Plaintiffs and Receiver John Ryder in the instant case filed a joint emergency motion for prejudgment attachment of the Indicted Defendants' personal property on August 6, 2015 (ECF No. 439), and a second joint emergency motion for prejudgment attachment of the Indicted Defendants' real property on August 7, 2015 (ECF No. 442). The Court granted both motions (ECF Nos. 440, 443), and held a post-attachment hearing on August 12, 2015 (Min. Entry, ECF No. 448). The Court held a follow-up hearing on the prejudgment attachment orders on September 2, 2015. (Min. Entry, ECF No. 478.)

On October 20, 2015, the Court issued an order that, <u>inter alia</u>, continued the prejudgment attachment of the Indicted

2

Defendants' real and personal property. (ECF No. 503.) At that time, the Court determined that "the Receiver and Plaintiffs' previously executed bond of $100,000 in conjunction with the Temporary Restraining Order is sufficient surety to protect Defendants." (Id. at 28.)

On December 14, 2015, Defendant Larry Bates made an oral motion for sufficient bond to be posted in connection with the prejudgment attachment. (Min. Entry, ECF No. 552.) On December 19, 2015, the Receiver filed a Verified Response to Defendant Larry Bates' Oral Objection to Amount of the Prejudgment Attachment Bond. (ECF No. 557.) Defendant Larry Bates filed a reply brief on January 4, 2016. (ECF No. 565.) With leave of Court, the Receiver filed a sur-reply on January 27, 2016. (ECF No. 579.)

On January 12, 2016, Plaintiffs notified the Court that they had amended the bond issued in connection with the preliminary injunction to encompass the prejudgment attachment. (ECF No. 570.) Defendant Larry Bates filed a Motion in Response to Plaintiffs' Notice on January 25, 2016, arguing that Plaintiffs' amendment "dilutes the value of the bond of each undertaking." (ECF No. 576.)

**II. LEGAL STANDARD AND ANALYSIS**

In order to obtain a prejudgment attachment, the movant is required "to execute a bond with sufficient security, payable to

3

the defendant, and conditioned that the plaintiff will prosecute the attachment with effect, or, in case of failure, pay the defendant all costs . . . and . . . damages." Tenn. Code Ann. § 29-6-115. Said bond should be posted to the Court to be refunded or released when the bond's condition is met. "When the property to be attached is real estate," the amount of the bond should be "sufficient to cover all such costs and damages as same may be estimated by the issuing officer." Tenn. Code Ann. § 29-6-116(4). When the property to be attached is personal property and "the claim is for unliquidated damages, the penalty shall be equal to the value of the personal property to be attached plus such sum as will be sufficient to cover such costs and damages." Tenn. Code Ann. § 29-6-116(3).

Tennessee law provides that

> [t]he attachment law shall be liberally construed, and the plaintiff, before or during trial, shall be permitted to amend any defect of form in the . . . bond . . . ; and no attachment shall be dismissed for any defect in, or want of, bond, if the plaintiff, plaintiff's agent, or attorney will substitute a sufficient bond.

Tenn. Code Ann. § 29-6-124. Additionally, "[s]uch an attachment may be had in forma pauperis." Wiley v. Bennett, 68 Tenn. 581, 583 (1877). This "allows poor persons the process of attachment . . . in the prosecution of their rights by suit, upon making the required affidavit, without giving security." Doty v. Fed.

Land Bank of Louisville, 114 S.W.2d 953, 955 (Tenn. 1938); see also Hewell v. Cherry, 158 S.W.2d 370 (Tenn. Ct. App. 1941).

### A.    Amount of the Bond

Since October 2015, when the Court determined that the $100,000 bond posted in conjunction with the preliminary injunction was sufficient bond for the prejudgment attachment, the Court has continued the trial date in the instant matter to avoid interfering with the Indicted Defendants' Fifth Amendment rights. (See ECF No. 508.) This continuance means that the instant matter will not likely be resolved within the next twelve months and that the attachment will remain in place longer than initially anticipated. Accordingly, the Court finds it appropriate to revisit its earlier determination as to the sufficiency of the attachment bond.

Pursuant to the Tennessee attachment statutes, the Court finds that Plaintiffs and Receiver must post a bond equal to the value of the Indicted Defendants' personal property, plus such sum as will be sufficient to cover costs and damages to the Indicted Defendants' both real and personal property. See Tenn. Code Ann. §§ 29-6-116(3)-(4). The Receiver submits an insurance policy valuing the personal property at $900,000. (See ECF No. 557-1.) He further contends that the auction value of the personal property is approximately twenty to twenty-five percent of the insured value, which results in a valuation of $180,000

5

to $225,000.  (ECF No. 557 ¶ 38.)  Defendant Larry Bates has not submitted a different valuation, but asserts that the insurance coverage itself is improper "surplus lines coverage."  (ECF No. 565 ¶ 10.)

Despite Larry Bates' assertion that the insurance coverage is improper, the coverage itself has no bearing on the amount of the attachment bond.  Moreover, the insured value appears to be the best estimate for the value of the attached personal property.  Thus, based on the information available, the Court finds that the bond for the value of the attached personal property should be $900,000.  The parties may undertake independent appraisals to reach a more precise amount, and upon submission of such appraisals to the Court, the Court may consider modifying the bond amount.

Additionally, as explained in the Court's order continuing the prejudgment attachment, the Court finds that the Receiver and Plaintiffs' ongoing payments for the attached properties' mortgages, insurance, taxes, and alarm services are sufficient to cover all potential costs and damages relating to both the real and personal property.  (See ECF No. 503 at 28.)  Accordingly, the Court permits the Receiver and Plaintiffs to make these payments in lieu of an additional bond amount for costs and damages.

**B.   Effect of the $100,000 Preliminary Injunction Bond**

The Receiver argues that any additional bond amount required by the Court "should be limited to the difference between the current bond and the value of the attached personal property that is not associated with the real property as a farm, and off-set by amounts already paid and to be paid by the Receiver for the benefit of all parties."  (ECF No. 557 ¶ 37.) Defendant Larry Bates asserts that permitting the same bond to apply to both the preliminary injunction and the prejudgment attachment "dilutes the value of the bond of each undertaking." (ECF No. 576 ¶ 1.)

"[T]he amount of security given by an applicant for an injunction is a matter for the discretion of the trial court, which may in the exercise of that discretion even require no security at all."  USACO Coal Co. v. Carbomin Energy, Inc., 689 F.2d 94, 100 (6th Cir. 1982).  When the Court ordered Plaintiffs to submit a $100,000 bond in connection with the preliminary injunction, the Court recognized that it had "limited knowledge of the financial picture of the receivership entities at [that] time."  (ECF No. 135 at 3.)  In the two-plus years since issuing that order, the Court has received considerable evidence regarding the financial state of the receivership entities. (See, e.g., Ryder Report, ECF No. 426.)

As of July 13, 2015, IRN had no remaining assets and the Receiver's FAMC account had a balance of $35,355.16. (ECF No. 557 ¶ 9.) As of December 19, 2015, the Receiver's FAMC account had a balance of $12,057.88. (Id. ¶ 22.) While the Receiver has initiated a separate action against Defendants Larry Bates, Charles Bates, Robert Bates, Barbara Bates, and Kinsey Bates, on behalf of the receivership entities, that action is unlikely to be resolved in the next twelve months. (See Ryder v. Bates, 2:15-cv-2526-JPM-cgc (W.D. Tenn.).)

Accordingly, considering the Court's discretion to reduce the amount of the preliminary injunction bond and the financial state of the receivership entities, the Court finds that it is appropriate to permit the Receiver and Plaintiffs to apply the $100,000 bond to the preliminary injunction as well as the attachment. Thus, the Receiver and Plaintiffs need only post an additional $800,000 bond, payable to the Indicted Defendants,[1] to satisfy the bond requirement for attachment.

### C. Penalty Pursuant to Section 29-6-117(c) of the Tennessee Code

Defendant Larry Bates argues that because the Receiver has not submitted an itemized appraisal of all attached property, the bond should be doubled pursuant to section 29-6-117 of the

---

[1] The Court notes that "payable to the Indicted Defendants" does not mean that the Indicted Defendants are entitled to receive a payment today for the value of the bond. It means that, in the event that the statutory conditions are satisfied in their favor, they may file a motion to release the bond.

8

Tennessee Code. (ECF No. 565 ¶¶ 14, 15.) The Receiver argues that the bill of attachment is not deficient, referring to his earlier verified motion for prejudgment attachment (ECF No. 359), Rhett Butler's Report (ECF No. 426-5), and the substantial proof provided in support of prejudgment attachment. (ECF No. 579 at 3.)

The Court agrees with the Receiver. In the Receiver and Plaintiffs' emergency motion for attachment of the Indicted Defendants' personal property, the Receiver and Plaintiffs identify two large safes located on Larry Bates' property and a safe located in the basement of Charles Bates' property. (ECF No. 439 at 3.) They further identify industrial freezers, as well as "vehicles, trailers, tools, boats, tractors, farm equipment and other personal property," and reference the Receiver's earlier verified motion for prejudgment attachment, which specifically sets forth a description and the purchase price of tangible property located at the Bates' properties. (Id. at 3-4.) In the emergency motion for attachment of the Indicted Defendants' real property, the Receiver and Plaintiffs specifically identify the addresses of the Indicted Defendants' real property and briefly describe the buildings located on the various properties. (ECF No. 442 at 5.)

At the post-attachment hearing on August 12, 2015, the Receiver and Plaintiffs introduced forty-three exhibits,[2] which primarily consisted of photographs of the Bates' real properties and the tangible property located thereon as well as a flash drive containing additional photographs and videos of the properties. (See Ex. List, ECF No. 457; see also ECF Nos. 450-453, 455-456.) In their brief in support of continuing the prejudgment attachment, Plaintiffs further describe the real and personal property subject to attachment, and submit an additional twenty-nine exhibits, many of which are photographs of items found on the properties. (ECF No. 459, see also ECF No. 459-1 to 459-29.) The Receiver also submitted a broker's appraisal and property tax statements reflecting the appraised value of the attached real property. (ECF No. 483.) In his Verified Response to Defendant Larry Bates' Oral Objection to Amount of the Prejudgment Attachment Bond, the Receiver states under oath that the insured value of the personal property is $900,000 (ECF No. 557 ¶ 19; see also ECF No. 557-1) and that the auction value of this property is approximately twenty to twenty-five percent of the insured value (ECF No. 557 ¶¶ 25-27, 38).

Although Defendant Larry Bates is correct that the description and valuation of the attached property were not

---

[2] This number does not include the marked versions of several exhibits that were submitted.

provided in a single document, the Court considers all of the Receiver and Plaintiffs' filings, together, to be the "bill . . . praying for the writ of attachment."  Accordingly, the Receiver and Plaintiffs have satisfied the burden under Tennessee Code § 29-6-117 and are not subject to a penalty doubling the amount of the bond.

**D.    Pauper's Oath in Lieu of Bond**

For the reasons set forth in this Order, the Receiver and Plaintiffs must submit an additional bond of $800,000 to satisfy the Tennessee attachment statutes.  Pursuant to Tennessee law, however, it is permissible for the Receiver to submit a "pauper's oath" in lieu of posting bond.  Doty, 114 S.W.2d at 955.

The Receiver's verified response indicates that IRN has no remaining assets and that FAMC's account currently has a balance of $12,057.88.  (ECF No. 557 ¶¶ 9, 22.)  Additionally, the Receiver stated that his costs of carrying the property located at 3780 Winwood Farms Loop in Middleton, Tennessee, are approximately $3,000 to $4,000 per month.  (Id. ¶ 22.)  The Receiver also stated under oath that the Receivership Estate is "not in a financial position to post additional bond and should be permitted to proceed in forma pauperis."  (Id. ¶ 40.)  Accordingly, the Court finds that the Receiver has properly sworn to and submitted documents to support the assertion of a

11

pauper's oath and need not post any additional bond to continue his attachment of the real and personal property in this matter. See Tenn. Code Ann. § 20-12-127; V.L. Nicholson Co. v. Transcon Inv. And Financial Ltd., Inc., 595 S.W.2d 474, 480 (Tenn. 1980) (finding that the pauper's oath does not need to follow the precise wording provided in the statute). In order to continue to jointly maintain the prejudgment attachment, Plaintiffs must post an additional bond of $800,000 or submit an affidavit demonstrating indigence.

## III. CONCLUSION

For the foregoing reasons, Defendant Larry Bates' oral motion for sufficient bond is GRANTED. Defendant Larry Bates' Motion in Response to Plaintiffs' Notice of Filing Amended Bond Issued in Connection with Court Ordered Injunction and Prejudgment Attachment is DENIED. The Receiver's pauper's oath is accepted in lieu of bond. Plaintiffs shall post the additional $800,000 bond or submit an affidavit to continue the attachment in forma pauperis within ten (10) days of the entry of this Order.

**IT IS SO ORDERED,** this 4th day of February, 2016.

/s/ Jon P. McCalla
JON P. McCALLA
U.S. DISTRICT JUDGE