**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TENNESSEE**
**WESTERN DIVISION**

| | |
|---|---|
| DAMIAN ORLOWSKI, et al., )<br>　　Plaintiffs, on behalf of themselves and )<br>　　all others similarly situated, )<br>)<br>v. )<br>)<br>LARRY BATES, et al., )<br>　　Defendants. ) | No. 2:11-cv-1396-SHL-cgc |

**ORDER GRANTING THIRD MOTION TO APPROVE SALE OF COINS**

Before the Court is the Receiver's Third Motion to Approve Sale of Assets and Request for Expedited Disposition, filed October 16, 2017. (ECF No. 948.) The Receiver requests the Court's permission to sell the remaining gold coins admitted to have been stolen by Sherry Barnett in order to pay the expenses of the Receivership Entities. (Id. at 1.) On October 26, 2017, Larry Bates filed a Response in Opposition (ECF No. 951), and, upon its motion, the Court allowed the Receiver to file a Reply (ECF No. 964, filed November 17, 2017).

The Receiver argues that it requires additional capital to meet the Receivership Estate's continuing expenses. (ECF No. 948 at 1.) In support, the Receiver asserts that Sherry Barnett admitted to misappropriating the coins at issue and that the coins are unquestionably the property of First American Monetary Consultants ("FAMC") rather than any individual defendant. (Id.) Further, the Receiver argues that any concerns regarding forfeiture and the preservation of evidence in the related criminal matter have now dissipated with the final judgments having been entered there. (ECF No. 948 at 3–4); see also United States v. Bates, Case No. 15-20192; (ECF No. 875 at 1–2.)

Larry Bates raises numerous arguments in his Response. He first argues that the Receiver has devalued the Receivership Entities by selling their assets at below market value.[1] (ECF No. 951 at 1.) Second, Mr. Bates insinuates that the gold coins belong to him and his wife because they loaned FAMC $440,000.00 in gold coins and have never received an accounting. (Id. at 2.) Third, he argues that the Receiver, as a mere bailee of FAMC's customers, is not authorized to sell the coins. (Id.) Fourth, he accuses the Receiver of working in concert with several other unscrupulous characters to conceal a larger theft by Sherry Barnett.[2] (Id. at 2–3.) Fifth, he argues that the Receiver breached its fiduciary duty by selling coins in order to pay its expenses. (Id. at 3–4.)

As the Court held in its previous order, it is well within the Receiver's authority to sell assets of the Receivership Entities to pay expenses. (ECF No. 875 at 2); (see also Order Granting Motion for Appointment of a Receiver, ECF No. 123 at ¶ 13 ("[T]he Receiver may take such action as he deems necessary or appropriate to reform and revitalize the Receivership entity . . . He shall have all the powers of the directors, officers and managers . . . He shall have power to make such payments and disbursements from the Receivership Entities and incur such expenses as may be necessary and advisable in discharging his duties as Receiver, or for the proper conduct of any usual and lawful business of the Receivership entity.").) The Court is not persuaded by Mr. Bates's arguments that either he or FAMC customers own the specific coins at issue and the Receiver is thus precluded from liquidating them. There is no proof in the record

---

[1] Mr. Bates does not characterize this claim as one of a breach of fiduciary duty, but the Court construes it as such.

[2] The Court has addressed Mr. Bates's conspiracy theories on numerous prior occasions. He has never provided proof of these claims. Thus, the Court will not address them further in this Order.

that these coins were bought for a certain purpose or a specific customer.  Further, as the Receiver argues, these coins are fungible.  (ECF No. 946 at 2.)

Next, there is no proof that the Receiver has breached its fiduciary duty.  Beginning with Mr. Bates's claim that the Receiver sold assets at below market value, Mr. Bates makes only general allegations while providing no proof to corroborate his claim.  In fact, the Receiver has sold identifiable assets with the Court's approval throughout this case.  (See, e.g., ECF Nos. 151, 271, 773); (see also ECF No. 123) (authorizing the Receiver to sell Receivership assets upon approval by the Court.)  Additionally, the Receiver is authorized to receive compensation for its services upon Court approval, and that compensation is allowed to derive from the Receivership Entities' assets.  (ECF No. 123 at 5) ("The compensation of the Receiver . . . and all expenses of taking possession of the Receivership Entities and of conducting the proceeding shall be approved by the Court and shall be paid out of the funds or assets of the Receivership Entities and such other funds as deemed appropriate by this Court.")  Thus, the Court is not persuaded here, either.

The last issues for the Court to address are the previous concerns regarding forfeiture and preservation of evidence in the Bates's criminal case.  Pursuant to the Court's Order Granting the Government's Motion for Forfeiture, the Government can attain only "subsequently discovered, directly forfeitable property."  See United States v. Bates, Case No. 15-cr-20192, ECF No. 608 at 4.  The assets at issue here have been in the Receiver's possession since January 2017, thus, they are not encumbered by the Government's right to forfeiture of certain assets.

As for the preservation of evidence issue, the Court previously noted that the coins themselves were only secondarily important physical evidence in the criminal case.  (ECF No. 875 at 2.)  With the entry of final judgments in the criminal case, the physical coins are even less

important.  Indeed, no party used the coins in the first trial in a manner that would require their physical presence.  If there was a need for a retrial, Defendants could use photographs of the coins, the physical packaging of the coins and any coins still in the possession of the Receiver to support their cases.

Based on the foregoing, the Court **GRANTS** the Receiver's Motion to Approve Sale of Coins.

**IT IS SO ORDERED,** this 6th day of December, 2017.

s/ Sheryl H. Lipman
SHERYL H. LIPMAN
UNITED STATES DISTRICT JUDGE
