**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION**

| | |
|---|---|
| DAMIAN ORLOWSKI, et al., <br><br>Plaintiffs, on behalf of themselves and all others similarly situated, <br><br>v. <br><br>LARRY C. BATES, et al., <br><br>Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> )      No. 2:11-cv-01396-SHL-cgc <br> ) <br> ) <br> ) <br> ) |

**ORDER DENYING DEFENDANTS' MOTION TO RECONSIDER
PIERCING THE CORPORATE VEIL, GRANTING PLAINTIFFS'
MOTION FOR FINAL JUDGMENT AND DENYING WITHOUT
PREJUDICE PLAINTIFFS' MOTION FOR FEES AND COSTS**

On August 8, 2017, this Court granted Plaintiffs' Motion to Pierce the Corporate Veil, imposing personal liability on Larry Bates, Barbara Bates, Charles E. Bates and Robert Bates for Plaintiffs' breach of contract claims against First American Monetary Consultants, Inc. ("FAMC"). (ECF No. 917.) Now before the Court are Charles Larry Bates ("Larry Bates") and Barbara Bates's (collectively, "Defendants") Motion to Reconsider Order Granting Motion to Pierce Corporate Veil, filed August 28, 2017 (ECF No. 934), and Plaintiff's Motion for Final Judgment as to the Order Granting Motion to Pierce the Corporate Veil, filed January 3, 2018 (ECF No. 970). Both Motions have been responded to (ECF Nos. 943, 971) and thus are ripe for the Court's consideration. For the reasons more fully explained below, the Court **DENIES** Defendants' Motion to Reconsider and **GRANTS** Plaintiffs' Motion for Final Judgment.

**Background**

The facts underlying this case have been detailed numerous times elsewhere. See, e.g., Ryder v. Bates, 2:15-02526, ECF No. 131 (W.D. Tenn. August 2, 2017). Therefore, what

follows is only a brief summary of the events giving rise to the Motions presently before the Court.

This matter involves a complex and large-scale Ponzi scheme in which Larry Bates and his co-conspirators, through First American Monetary Consultants, Inc. ("FAMC"), marketed and sold gold and silver coins to customers as an investment, but the goods sold were often not delivered to the "buyers." Ultimately, this scheme spanned several years, entangled hundreds of victims and spawned two civil cases and a criminal prosecution. In the criminal case, Larry Bates, his two sons (Charles and Robert) and his daughter-in-law (Kinsey) were convicted of mail and wire fraud, and conspiracy to commit the same. See United States v. Bates, 2:15-20192 (W.D. Tenn. 2017).

On November 18, 2015, this Court granted in part Plaintiffs' Motion for Summary Judgment in this matter, holding that FAMC was liable to Plaintiffs for breach of contract (ECF No. 543), and, on September 19, 2016, the Court granted Plaintiffs' Motion for Partial Summary Judgment as to the damages flowing therefrom (ECF No. 669). On July 31, 2017, the Court entered a final judgment as to FAMC concerning both rulings. (ECF No. 908.)

On December 7, 2016, Plaintiffs filed a Motion to Pierce the Corporate Veil of First American Monetary Consultants, Inc., IRN, Inc., and FAMC PM, LLC to Impose Personal Liability against Larry Bates, Barbara Bates, Charles E. Bates and Robert Bates. (ECF No. 730.) In support of their Motion, Plaintiffs argued that "FAMC, Inc., IRN, Inc., and FAMC PM, LLC were used as alter egos of a shareholder/director/owner, to facilitate a fraud on over 500 people, spanning a period of time over five years[,]" and that "[t]he funds of [those companies] were often intermingled, with one 'corporate entity' borrowing from another to pay bills." (Id. at 2.) Defendants did not respond to the Motion, and, on August 8, 2017, the Court granted it. (ECF

No. 917.) Defendants now move for reconsideration of the Court's Order, while Plaintiffs move for an entry of final judgment. The Court addresses each in turn, beginning with Defendants' Motion for Reconsideration.

## Analysis

### I. Motion for Reconsideration

"The Federal Rules of Civil Procedure do not explicitly address motions for reconsideration of interlocutory orders." Rodriguez v. Tenn. Laborers Health & Welfare Fund, 89 F. App'x 949, 959 (6th Cir. 2004). However, "[d]istrict courts have authority both under common law and Rule 54(b) to reconsider interlocutory orders and to reopen any part of a case before entry of final judgment." Id. "Traditionally, courts will find justification for reconsidering interlocutory orders when there is (1) an intervening change of controlling law; (2) new evidence available; or (3) a need to correct a clear error or prevent manifest injustice." Id. (citing Reich v. Hall Holding Co., 990 F. Supp. 955, 965 (N.D. Ohio 1998)). "Moreover, the Western District of Tennessee has enacted Local Rule 7.3, which governs Motions for Revision of Interlocutory Orders." Stovall v. Settle, No. 10-2388-STA-dkv, 2012 U.S. Dist. LEXIS 56157, at *5 (W.D. Tenn. April 23, 2012). That Rule provides that

> [a] motion for revision must specifically show: (1) a material difference in fact or law from that which was presented to the Court before entry of the interlocutory order for which revision is sought, and that in the exercise of reasonable diligence the party applying for revision did not know such fact or law at the time of the interlocutory order; or (2) the occurrence of new material facts or a change of law occurring after the time of such order; or (3) a manifest failure by the Court to consider material facts or dispositive legal arguments that were presented to the Court before such interlocutory order.

Local. R. 7.3(b). If the movant cannot satisfy one of the above elements, the court must deny the motion. Local R. 7.3(a).

Defendants do not directly address any specific legal standard governing a motion for reconsideration. However, allowing some deference to pro se parties, the Court will consider their only two colorable arguments.[1]  First, they contend that they did not receive Plaintiff's Motion to Pierce the Corporate Veil. (ECF No. 934 at 1.) Second, they direct the Court to Larry Bates's affidavit, in which he purportedly provides "undisputed facts that refute the allegations" upon which the Court relied in its Order Granting Motion to Pierce the Corporate Veil. (Id.)  In summation, Larry Bates's assertions in his affidavit amount to a denial that any funds were misappropriated. (See generally ECF No. 934-1 at 1–12.) Specifically, he states that neither he nor any other employee received funds that were not salary, dividends or expenses and that all client funds were used to purchase precious metals. (See, e.g., id. at ¶¶ 2, 10, 15, 22, 23, 30.)

In response, Plaintiffs contend that Defendants' first argument is meritless because the Motion was mailed to Defendants' physical address, as specifically requested by Defendants. (ECF No. 943 at 1–2.) Plaintiffs then assert that none of the contentions made in Larry Bates's affidavit satisfy a legal standard governing motions for reconsideration. (Id. at 4–5.) The Court agrees on both fronts.

Beginning with Defendants' contention that they did not receive Plaintiffs' Motion to Pierce the Corporate Veil, the Court is unpersuaded. First, the Certificate of Service accompanying the Motion states that it was mailed to Defendants' home address, as requested by Defendants. (ECF No. 730 at 5.) Second, on numerous prior occasions, this Court warned

---

[1] In addition to these two arguments, Larry Bates disavows wrongdoing of any kind on behalf of all Defendants and, instead, alleges that they are victims of a grand conspiracy. He does not direct the Court to any objective proof in support of these allegations, and the record is replete with evidence of illicit acts committed by Defendants. Therefore, the Court does not entertain these assertions.

Defendants that it would not entertain arguments that they did not timely receive court filings due to their steadfast refusal to receive such filings electronically.[2]

Next, the Court finds that nothing in Larry Bates's affidavit satisfies any element in Local Rule 7.3.  He fails to meet the first element because he presents no fact that was unknown or, in the exercise of reasonable diligence, could not have been known to Defendants at the time of the interlocutory order.  As to the second element, he submits no facts that occurred subsequent to the Court's Order.  Finally, because Defendants did not respond to Plaintiffs' Motion to Pierce the Corporate Veil, they necessarily cannot satisfy the third element, that the Court failed to consider "material facts or dispositive legal arguments that were presented to [it] before such interlocutory order."  The Motion to Reconsider is **DENIED**.

## II.     Motion for Entry of Final Judgment

The Court next addresses Plaintiffs' Motion for Final Judgment as to the Order Granting Motion to Pierce the Corporate Veil.  (ECF No. 970).  Federal Rule of Civil Procedure ("FRCP") 54(b) provides that, "[w]hen an action presents more than one claim for relief . . . or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay."  Thus, the inquiry is two-fold.  First, the Court must determine whether entering final judgment in this instance would result in a final resolution of at least one "claim" or all of the rights and liabilities of at least one party.  Second, the Court must determine whether there exists "no just reason for delay."

---

[2] Defendants also argue that the Court should refer Plaintiffs' counsel to the Board of Professional Responsibility because Defendants did not receive the Motion.  Given that Plaintiffs' counsel mailed the Motion as specifically requested by Defendants, the Court declines to send such a referral.

As for the first prong, the Court previously entered a final judgment as to Plaintiffs' breach of contract claims against FAMC and the damages flowing therefrom.  (See ECF No. 908.)  In that Order, the Court opined that "there can be no question that granting Plaintiffs' Motion would result in the final determination of the rights and liabilities of a single party to this action—FAMC."  (Id.)  While that statement was perhaps slightly premature because the "piercing the corporate veil" issue was still before the Court, this Order undoubtedly resolves FAMC's final rights and liabilities.  See Catlin v. United States, 324 U.S. 229, 233 (1945) ("A 'final decision' generally is one which ends the litigation on the merits and leaves nothing for the court to do but execute the judgment."); see also 1 Fletcher Cyc. Corp. § 41.10 ("A claim based on the alter ego theory is not in itself a claim for substantive relief, but rather is procedural. . . . An attempt to pierce the corporate veil is a means of imposing liability on an underlying cause of action such as a tort or breach of contract.") (footnotes omitted).  Plaintiffs' contract claims against FAMC have been resolved in their favor, and FAMC's liability for those claims has been shifted to the individual Defendants, as a result of the Court's ruling.  Therefore, the first prong is satisfied.

The next question is whether there is any just reason for delaying entry of a final judgment.  Resolution of this issue "requires consideration of "judicial administrative interests as well as the equities involved."  Lowery v. Fed. Exp. Corp., 426 F.3d 817, 821 (6th Cir. 2005) (quoting Curtiss–Wright Corp. v. Gen. Elec. Co., 446 U.S. 1, 8 (1980)).  The Sixth Circuit has articulated the following "nonexhaustive list of factors which a district court should consider when making a Rule 54(b) determination":

> (1) the relationship between the adjudicated and unadjudicated claims; (2) the possibility that the need for review might or might not be mooted by future developments in the district court; (3) the possibility that the reviewing court might be obliged to consider the same issue a second time; (4) the presence or

>  absence of a claim or counterclaim which could result in set-off against the judgment sought to be made final; (5) miscellaneous factors such as delay, economic and solvency considerations, shortening the time of trial, frivolity of competing claims, expense and the like.

General Acquisition v. GenCorp, Inc., 23 F.3d 1022, 1030 (6th Cir. 1994) (quoting Corrosioneering, Inc. v. Thyssen Envtl. Sys., Inc., 807 F.2d 1279, 1282 (6th Cir. 1986)). "The district court must 'determine whether 'the needs of the parties' outweigh the efficiency of having one appeal at the conclusion of the case in its entirety, and it must spell out its reasons for concluding that prompt review is preferable.'" Lowery, 426 F.3d at 822 (quoting GenCorp., Inc. v. Olin Corp., 390 F.3d 433, 442 (6th Cir.2004)).

Plaintiffs, predictably, argue that the factors weigh in favor of entering a final judgment. (See ECF No. 970-1.) Defendants filed a response, with the only contention arguably applicable here being a bare assertion that they are creditors of FAMC and thus there are material questions of fact in dispute. (See ECF No. 971.) Otherwise, they took the opportunity to reiterate that they never committed any malfeasance and that they are victims of a conspiracy being perpetrated by their business competitors and the lawyers in the case. (Id.) None of Defendants' arguments are new, and the Court has previously found that the record demonstrates otherwise. See Ryder v. Bates, 2:15-02526, ECF No. 131 (W.D. Tenn. 2017).

As to the factors, first, the relationship between the adjudicated and unadjudicated claims counsels in favor of entering a final judgment. The pending claims affecting liability in this matter consist of: (1) Barbara Bates's Motion for Summary Judgment as to her individually (ECF No. 934) and (2) Plaintiffs' Motion for Summary Judgment as to the Individual Defendants on the Remaining Claims of Fraud, Conversion, Breach of Fiduciary Duty, Civil Rico, Conspiracy, Mail Fraud and Wire Fraud (ECF No. 928). Thus, the pending claims will require individualized proof as to each remaining Defendant, whereas the claims now adjudicated

required proof of legally enforceable contracts between FAMC and its customers and the lack of adherence to corporate formalities between the individual Defendants and FAMC. While there might be some overlap, the Court finds the distinctions between the adjudicated and unadjudicated claims to be sufficient such that entry of a final judgment is appropriate.

Next, the Court finds it is unlikely that an appeal might be mooted by future developments in the district court. To begin, in the criminal case, a jury found that Larry Bates and his co-conspirators committed this Ponzi scheme beyond a reasonable doubt. Therefore, it is unlikely that exculpatory evidence will come to light. Additionally, at summary judgment, this Court held that there were no disputes of material fact concerning FAMC's liability to Plaintiffs for breach of contract and the amount of damages deriving from those claims. Further, the ability of Plaintiffs to enforce that judgment was resolved in the Court's Order Granting Motion to Pierce the Corporate Veil and, again, in this Order Denying Reconsideration. Moreover, the causes of action involving FAMC should not be affected by the outcome of the remaining claims against the individual Defendants. Lastly, the Receiver, who represents the interests of FAMC, does not oppose this Motion. Therefore, the possibility of future developments affecting an appeal is remote.

The Court also finds that there is little risk of contravening the third factor, whether the reviewing court might be obliged to consider the same issue a second time. In addition to the reasons listed in the preceding paragraph, Plaintiffs have dismissed all remaining claims against FAMC and all of their breach of contract claims against the individual Defendants. (See ECF Nos. 722, 733.) Therefore, there cannot be any additional claims for breach of contract or to pierce the corporate veil. Thus, the third factor weighs in favor of entering a final judgment.

The fourth factor is the presence or absence of a claim or counterclaim that could result in a set-off against the judgment sought to be made final. First, there are no pending counterclaims. Second, while there is parallel litigation involving these same individual Defendants and the Receiver, a finding of liability in that case will result in damages going to the Receiver, who, again, controls the interests of FAMC, the entity liable for the breach of contract claims here. Therefore, there would not be a set-off. The Court finds that the fourth factor weighs in favor of entering a final judgment.

Finally, the miscellaneous factors weigh heavily in favor of Plaintiffs. This case has been pending for nearly seven years, and the Receiver incurs monthly expenses related to the upkeep of the receivership entities, which diminishes the recovery for Plaintiffs. Any additional delay would further prejudice Plaintiffs. In addition, based on representations made by the Receiver, there appear to be forthcoming solvency issues. (See ECF No. 978 at 2.) With a final judgment here, the assets of the individual Defendants may be liquidated for the benefit of the Plaintiffs. Thus, the prejudice they have suffered and the myriad of delays in this case could be somewhat stemmed.

## CONCLUSION

For the foregoing reasons, the Court **DENIES** Defendants' Motion to Reconsider Order Granting Motion to Pierce Corporate Veil and **GRANTS** Plaintiff's Motion for Final Judgment as to the Order Granting Motion to Pierce the Corporate Veil.[3]

---

[3] In the last two sentences of Plaintiffs' Motion, they request that they be awarded costs and attorneys' fees under FRCP 54(d), but they provide no actual argument on the issue. (ECF No. 970-1 at 5.) While FRCP 54(d) creates a presumption in favor of awarding costs to the prevailing party, a court can deny such costs at its discretion. Singleton v. Smith, 241 F.3d 534, 539 (6th Cir. 2001). One factor courts take into consideration is the indigency of the losing party. Id. The Court finds that it is simply without enough information to determine whether

**IT IS SO ORDERED**, on this 26th day of July, 2018.

S/ Sheryl H. Lipman
SHERYL H. LIPMAN
UNITED STATES DISTRICT JUDGE

---

costs or fees are appropriate at this time.  Therefore, it **DENIES WITHOUT PREJUDICE** Plaintiffs' "Motion for Fees and Costs."