IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| DAMIAN ORLOWSKI, et al.,     Plaintiffs on behalf of themselves and others similarly situated, <br><br>v.<br><br>LARRY BATES, et al.,     Defendants. | No. 2:11-cv-1396-SHL-cgc |

**ORDER GRANTING THE RECEIVER'S MOTION TO TERMINATE RECEIVERSHIP AND DISCHARGE RECEIVER**

Before the Court is the Receiver's Motion to Terminate Receivership and Discharge Receiver, filed April 14, 2020. (ECF No. 1096.) The Receiver avers that the purpose of the receivership has been accomplished and all assets of the receivership estate have been sold and distributed. (Id.) Accordingly, there is no longer a need for the receivership.

The Receiver's Motion, in all respects, is **GRANTED**.

The Receiver requests the Court set aside $20,000.00 in administrative reserve for the wind down procedures. The Court finds this reasonable and this Motion is **GRANTED**.

The Receivership is **TERMINATED**. The Receiver is discharged from his responsibilities as Receiver, and relieved of his rights as Receiver, including the right to possess and/or manage, operate, and control Receivership Assets.

Should any Defendant or third party believe that it is necessary for the Receivership to remain in place, that individual shall file a **response no later than 21 days** after the entry of this Order demonstrating why, for what purpose, and for how long the Receivership should remain in place. If no such response is filed, all objections to termination and discharge shall be waived.

The Receiver further requests that the Court accept and approve the Statement of Cash Receipts and Expenses (ECF No. 1095) as the Receiver's final accounting. This request is **GRANTED**.

The Receiver and his counsel are released and discharged from any and all claims and causes of action which might be brought against them for matters arising from their administration of the Receivership Estate and the Receivership Entities, including any claim concerning or relating to the filing of any local, state, or federal tax returns for the Receivership Estate or any of the Receivership Entities and/or the reporting of any income, assets or tax consequences.

The Receiver and his counsel are released and discharged from any liability to any person or entity for any action taken in good faith in connection with carrying out his court ordered duties or any other actions taken in good faith in connection with the Receivership.

The Receiver is released and discharged from all obligations under the Receivership Order as well as any other duties or obligations incident to his appointment without further action or orders of this Court on the filing of the Receiver's final report.

The Receiver is **ORDERED** to submit his final report no later than **November 4, 2020**.

**IT IS SO ORDERED,** this 4th day of May, 2020.

                                                s/ Sheryl H. Lipman
                                                SHERYL H. LIPMAN
                                                UNITED STATES DISTRICT JUDGE